Ency. of Law (2d Ed.) 1169. In this case plaintiff's disappointment is in no wise caused by her husband's alleged incapacity for marital intercourse. She was a soldier's widow, and, when she gained a husband, she lost a pension. For reasons not disclosed to the court, the exchange proved an unsatisfactory one to her, and she now seeks to annul the marriage in order to recover her pension. She has no just cause of complaint against her husband, and the court declines to hold the marriage invalid.

Application denied.

(58 Misc. Rep. 50.)

### BOYLE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, New York County. February, 1908.)

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action for death of a railroad employé, killed in attempting to cross the tracks, verdict for plaintiff *held* against the weight of evidence, showing contributory negligence of decedent.

Action by Frank Boyle, administrator of Joseph Boyle, against the New York Central & Hudson River Railroad Company. Verdict for plaintiff. Motion to set aside verdict and for a new trial granted.

M. P. O'Connor, for plaintiff.
C. C. Paulding, for defendant.

GOFF, J. Even though "thousands" of people had crossed the railroad from the abutment of the street, there was no distinct or outlined pathway across the tracks. All traces of a pathway ended at the foot of the embankment, and thereafter the course of the pedestrian was in the direction whither convenience or caprice led. On the opposite side was a railroad yard, with many tracks, used for the storage and repair of cars and for handling and delivery of freight. Here there is a clear distinction from these cases which have held that a pathway or crossing between two distinctive points of travel or leading to a place of public resort might be regarded to some extent as a public crossing, because of the acquiescence of a railroad in its use as such, and therefore requiring of it a certain degree of care and caution in the operation of its trains. The deceased was employed by the defendant in its repair yard, and he, in going to his work, was crossing the tracks in a diagonal direction when the passing engine struck him. He must have known that trains passed there very frequently and at great speed, and he must also have known that at a very short distance to the north and south of the point where he crossed there were bridges over which he could have passed in safety to his place of work and avoided the perils to which he exposed himself in crossing the tracks. He who in the course of travel has a choice of two ways, one of which is dangerous and the other safe, is required in the exercise of prudence to take that which is safe, even though it be more inconvenient, and if he takes the dangerous way he serves his convenience at the expense of his prudence.

Under these circumstances the burden of proving negligence of the defendant and freedom from contributory negligence of the deceased rested upon the plaintiff, and, while these questions were affirmatively answered by the jury, were such answers given in disregard of the weight of evidence? In estimating the weight of evidence the jury, of course, is the primal authority, and their finding should not be disturbed unless it be manifest from all the facts and the circumstances that the instructions of the court on the law have been ignored or misunderstood, or that because of sympathy or prejudice speaking and undisputed testimony has been disregarded and a factitious value attached to testimony that harmonized with inclination. Such a false estimate is likely to be induced by what was indulged in in this case, the pernicious practice of questions that suggest the answers and assumptions of fact which call for assent from a willing witness. This is not evidence given under oath, but simply the statements of zealous counsel, who desires to have an effect produced upon the jury. But this feature, though serious enough, is not the only one that impairs the value of the verdict, for it is clearly against the weight of evidence on the facts, which are more pronounced than those in Smetanka v. N. Y. C. & H. R. R. Co. (recently decided by the Appellate Division) 123 App. Div. 323, 107 N. Y. Supp. 973, which holds that, even where a license to cross its tracks may be implied, a railroad does not owe a duty of active vigilance to guard those crossing from accident.

Motion granted.